United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                 Case No. 12-18624-elf
Terrance Michael Woods                                                 Chapter 13
Robin E Woods
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Feb 23, 2018
                              Form ID: 3180W           Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 25, 2018.
db/jdb         +Terrance Michael Woods,   Robin E Woods,    7049 Dorcas Street,    Philadelphia, PA 19111-4111
12986500       +American InfoSource LP as agent for,    DIRECTV, LLC,    Mail Station N387,    2230 E Imperial Hwy,
                 El Segundo, CA 90245-3504
12855429       +Fed Loan Serv,   Po Box 69184,    Harrisburg, PA 17106-9184
12913967       +JPMorgan Chase Bank, N.A.,    3415 Vision Drive,    OH4-7133,    Columbus, OH 43219-6009
12873915       +Philadelphia Gas Works,   800 W Montgomery Ave,    Phila Pa 19122-2898,
                 Attn: Bankruptcy Dept 3F
12855436       +Police And Fire Fcu,   901 Arch St,    Philadelphia, PA 19107-2495
13027471        eCast Settlement Corporation,    PO Box 28136,   New York, NY 10087-8136

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Feb 24 2018 01:47:46      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 24 2018 01:46:44      Pennsylvania Department of Revenue,
                 Bankruptcy Division,   P.O. Box 280946,    Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 24 2018 01:47:39      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
12924098       +E-mail/Text: bncmail@w-legal.com Feb 24 2018 01:47:28       CHESWOLD (OPHRYS), LLC,
                 C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12965525       +E-mail/Text: bankruptcy@phila.gov Feb 24 2018 01:47:46       CITY OF PHILADELPHIA, LAW DEPARTMENT  TAX UNIT,   ONE PARKWAY BUILDING  BANKRUPTCY GROUP,
                 1401 JOHN F. KENNEDY BLVD, 5TH FLOOR,    PHILADELPHIA, PA 19102-1640
12877558       +EDI: TSYS2.COM Feb 24 2018 01:33:00      Department Stores National Bank/Macys,
                 Bankruptcy Processing,   Po Box 8053,    Mason, OH 45040-8053
12954326        EDI: ECMC.COM Feb 24 2018 01:33:00      ECMC,   PO BOX 75906,    ST.PAUL, MN 55175
12907817        EDI: TFSR.COM Feb 24 2018 01:33:00      Lexus Financial Services,    PO BOX 8026,
                 Cedar Rapids, Iowa 52408-8026
12873004        EDI: TFSR.COM Feb 24 2018 01:33:00      Toyota Motor Credit Corporation (TMCC),    PO BOX 8026,
                 Cedar Rapids, Iowa 52408-8026
                                                                                               TOTAL: 9

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 22, 2018 at the address(es) listed below:
              DENISE ELIZABETH CARLON    on behalf of Creditor    JPMORGAN CHASE BANK, N.A.
               bkgroup@kmllawgroup.com
              GEORGETTE   MILLER    on behalf of Debtor Terrance Michael Woods info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemillerlaw.com;r50524@notify.bestcase.com
              GEORGETTE   MILLER    on behalf of Joint Debtor Robin E Woods info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemillerlaw.com;r50524@notify.bestcase.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MARTIN A. MOONEY    on behalf of Creditor    Toyota Motor Credit Corporation for Toyota Lease Trust
               tshariff@schillerknapp.com,    ahight@schillerknapp.com;kcollins@schillerknapp.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com

```
District/off: 0313-2                  User: admin                     Page 2 of 2                      Date Rcvd: Feb 23, 2018
                                      Form ID: 3180W                  Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com

        TOTAL: 10

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Terrance Michael Woods** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  **xxx–xx–0966** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | **Robin E Woods** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  **xxx–xx–1233** <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **12–18624–elf** | | |

# Order of Discharge                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Terrance Michael Woods                           Robin E Woods
aka robin e. e. woods                                aka Robin Eiland

2/22/18                                                    **By the court:**    Eric L. Frank
                                                                                 United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                              **Chapter 13 Discharge**                              page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**